UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | | |
|---|---|---|---|
| Bobby Dee Huneycutt, | ) | Crim. No.: | 4:15-cr-00263-RBH-4 |
| | ) | Civ. No.: | 4:18-cv-01735-RBH |
| Petitioner, | ) | | |
| | ) | | |
| v. | ) | **ORDER** | |
| | ) | | |
| United States of America, | ) | | |
| | ) | | |
| Respondent. | ) | | |
| _____ | ) | | |

This matter is before the Court on Petitioner's pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. *See* ECF Nos. 286 & 291. The Court denies the motion for the reasons herein.[1]

## **Background**

On July 27, 2015, Petitioner pled guilty pursuant to a written plea agreement to one count of conspiracy to possess with intent to distribute and to distribute fifty grams or more of methamphetamine and 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846. *See* ECF Nos. 71, 131, 134, & 135. On January 27, 2016, the Court sentenced Petitioner to 180 months' imprisonment followed by a term of supervised release of five years. *See* ECF Nos. 171 & 179. Judgment was entered on January 28, 2016. *See* ECF No. 179. Petitioner did not file a direct appeal.

On June 22, 2018, the Court received a handwritten document from Petitioner indicating his

---

[1] An evidentiary hearing is unnecessary because "the motion and the files and records of the case conclusively show that [Petitioner] is entitled to no relief." 28 U.S.C. § 2255(b); *see United States v. Thomas*, 627 F.3d 534, 538 (4th Cir. 2010).

desire to file a § 2255 motion; the document was undated but the envelope was postmarked June 18, 2018. *See* ECF No. 286. Accordingly, pursuant to *Houston v. Lack*, 487 U.S. 266 (1988), the Court is using June 18, 2018, as the filing date of Petitioner's § 2255 motion. Petitioner subsequently filled out the Court's standard form for a § 2255 motion. *See* ECF No. 291.

Thereafter, the Government filed a motion to dismiss or, alternatively, for summary judgment. *See* ECF No. 301. Petitioner filed a response in opposition to the Government's motion. *See* ECF No. 304.

## Legal Standard

Prisoners in federal custody may attack the validity of their sentences pursuant to 28 U.S.C. § 2255. For a court to vacate, set aside, or correct a sentence under § 2255, a petitioner must prove one of the following occurred: (1) a sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). "This statute was intended to alleviate the burden of habeas corpus petitions filed by federal prisoners in the district of confinement, by providing an equally broad remedy in the more convenient jurisdiction of the sentencing court." *United States v. Addonizio*, 442 U.S. 178, 185 (1979).

The district court need not hold an evidentiary hearing on a § 2255 motion if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see United States v. Thomas*, 627 F.3d 534, 538 (4th Cir. 2010). The determination of whether to hold an evidentiary hearing ordinarily is left to the sound discretion of the district court. *Raines v. United States*, 423 F.2d 526, 530 (4th Cir. 1970).

## Discussion

The Government argues Petitioner's § 2255 motion is untimely and must be dismissed. *See* ECF No. 301-1 at pp. 2–7. The Court agrees.

"A motion by a federal prisoner for postconviction relief under 28 U.S.C. § 2255 is subject to a one-year time limitation . . . ." *Clay v. United States*, 537 U.S. 522, 524 (2003). The one-year limitation period runs from the latest of the following four dates:

> (1)  the date on which the judgment of conviction becomes final;
>
> (2)  the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3)  the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4)  the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). The one-year time limitation is subject to equitable tolling "in those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Whiteside v. United States*, 775 F.3d 180, 184 (4th Cir. 2014) (internal quotation marks omitted). "Equitable tolling of petitions for collateral review is available only when a defendant demonstrates '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Id.* (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)). A court must

3

determine whether equitable tolling is warranted "on a case-by-case basis." *Holland*, 560 U.S. at 650.

In this case, Petitioner did not file a direct appeal. "Where, as here, a defendant does not pursue a direct appeal, the conviction becomes final when the time expires for filing a direct appeal." *United States v. Johnson*, 203 F.3d 823, 2000 WL 37753 (4th Cir. 2000) (unpublished table decision) (citing *Adams v. United States*, 173 F.3d 1339, 1342 n.2 (11th Cir. 1999), and *Kapral v. United States*, 166 F.3d 565, 575 (3d Cir. 1999)); *see also United States v. Oliver*, 878 F.3d 120, 125 (4th Cir. 2017) (" A criminal conviction becomes final at the end of the appellate process—i.e., when the time for a direct appeal expires and the defendant has not noticed an appeal or, if the defendant pursues an appeal, when the time for filing a petition for certiorari expires.").

Giving Petitioner the benefit of the fourteen-day appeal period, *see* Fed. R. App. P. 4(b)(1)(A)(I), his conviction became final on February 11, 2016 (fourteen days after the judgment was entered). Thus, he had until February 11, 2017, to file the § 2255 motion. However, Petitioner did not file his instant § 2255 motion until June 18, 2018, and therefore it is untimely. Additionally, he has failed to show the other three potential triggering dates set forth in § 2255(f)(2)–(4) apply to his case. Finally, he has not demonstrated a circumstance warranting the extraordinary remedy of equitable tolling.[2]

Moreover, the Court notes Petitioner is not entitled to relief for the additional reasons outlined in the Government's motion. *See* ECF No. 301 at pp. 5–7. Accordingly, the Court will deny

---

[2]     Although Petitioner claims actual innocence, *see* ECF No. 286 at p. 3 and ECF No. 291 at p. 10, the Court concludes he has failed to demonstrate he is actually innocent of distribution and possession with intent to distribute methamphetamine. *See generally Bousley v. United States*, 523 U.S. 614, 623–24 (1998) (discussing actual innocence); *Schlup v. Delo*, 513 U.S. 298, 324–30 (1995) (same). Moreover, Petitioner's allegations that his guilty plea was involuntary due to his attorney's purported ineffectiveness are "palpably incredible" and "patently frivolous or false" in light of Petitioner's sworn statements during the plea colloquy. *United States v. Lemaster*, 403 F.3d 216, 221 (4th Cir. 2005).

4

Petitioner's § 2255 motion.

## Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing Section 2255 Cases. A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate *both* that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484–85. In this case, the Court finds Petitioner has failed to make the requisite showing of "the denial of a constitutional right."

## Conclusion

The Court **GRANTS** Respondent's motion to dismiss or, alternatively, for summary judgment [ECF No. 301] and **DENIES AND DISMISSES WITH PREJUDICE** Petitioner's § 2255 motion [ECF Nos. 286 & 291]. The Court **DENIES** a certificate of appealability because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

Florence, South Carolina                                    s/ R. Bryan Harwell
January 31, 2019                                              R. Bryan Harwell
                                                                      United States District Judge

5